TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
& Chief, Criminal Division
WILLIAM KANELLIS (Cal. Bar No. pending)
Assistant United States Attorney
Domestic Security and Immigration Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 453-8455
E-mail: william.kanellis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BENJAMIN AZARIAH SOUTHWORTH,

Defendant.

No. 2:26-cr-00570-WLH

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

PROPOSED ORDER FILED SEPARATELY

Indictment: 09/02/2026
Pretrial Conference: 10/16/2026

Trial Date: 10/26/2026
Proposed Trial Date: 02/23/2027

Plaintiff, United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney William Kanellis, and defendant BENJAMIN AZARIAH SOUTHWORTH, through his counsel of record Daniel A. Nardoni (collectively the "parties"), individually and jointly, hereby stipulate as follows:

1. The Indictment in this case was filed under seal on September 2, 2026. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on September 3, 2026. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before November 12, 2026.

2. On September 3, 2026, the Court set a trial date of October 26, 2026, and a pre-trial conference date of October 16, 2026.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4. By this stipulation, defendant moves to continue the trial date to February 23, 2027, and the pre-trial conference to February 12, 2027. The parties also move to set the following briefing schedule: pretrial motions shall be filed no later than January 20, 2027; oppositions to any pretrial motions shall be filed no later than February 3, 2027; and replies in support of any pretrial motions shall be filed no later than February 10, 2027.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendant is charged in a three-count indictment with: (1) 18 U.S.C. § 871, Threats Against President; (2) 18 U.S.C. § 2261A(2)(A), Cyberstalking; and (3) 47 U.S.C. § 223(a)(1), Harassing Telephone Calls In Interstate Communications.

b. The government has produced approximately 32 gigabytes of reports and memoranda of investigation and interview, search warrants, criminal history, social media videos and

photographs, and other evidence. The government will continue to comply with its discovery obligations through subsequent discovery productions.

c. Defense counsel is scheduled to participate in the trials listed in Exhibit 1 to this stipulation. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, review the government's discovery and other potential evidence in this case, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

f. The government does not object to the continuance.

g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on part of the attorney for the government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that

the time period of October 26, 2026, to February 23, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv), because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) the failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 28, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney & Chief, Criminal Division

*/s/ William Kanellis*
WILLIAM KANELLIS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Daniel A. Nardoni
Attorney for Defendant
BENJAMIN AZARIAH SOUTHWORTH

9-28-2026
Date

I am BENJAMIN AZARIAH SOUTHWORTH's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than February 23, 2027, is an informed and voluntary one.

Daniel A. Nardoni — Date: 9-28-2026

Attorney for Defendant
BENJAMIN AZARIAH SOUTHWORTH

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 23, 2027. I understand that I will be ordered to appear in Courtroom 9B of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on February 12, 2027, at 10:30 a.m. for the pretrial conference, and on February 23, 2027, at 9:00 a.m. for trial.

BENJAMIN AZARIAH SOUTHWORTH — Date: 09/28/26
Defendant

//

//

//

//

//

//